NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 2 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL A. LEON, | No. 13-71450 |
| Petitioner, | LABR No. 11-069 |
| v. | |
| SECURAPLANE TECHNOLOGIES INCORPORATED; et al., | MEMORANDUM[*] |
| Respondents. | |

On Petition for Review of an Order of the
Department of Labor

Submitted February 17, 2015[**]

Before:    O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

Michael A. Leon petitions pro se for review of a Final Decision and Order of

the Department of Labor's Administrative Review Board ("ARB"), affirming

dismissal of his whistleblower retaliation claim against his former employer under

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument, and accordingly denies Leon's requests for oral argument. *See* Fed. R. App. P. 34(a)(2).

the Wendell H. Ford Aviation Investment and Reform Act of the 21st Century ("AIR21"). We have jurisdiction under 49 U.S.C. § 42121(b)(4)(A). We review the ARB's decision in accordance with the Administrative Procedure Act, under which the ARB's legal conclusions must be sustained unless they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and its findings of fact must be sustained unless they are not supported by substantial evidence. *Calmat Co. v. U.S. Dep't of Labor*, 364 F.3d 1117, 1121 (9th Cir. 2004). We deny the petition.

Contrary to Leon's contention, the ARB did not err in upholding the Administrative Law Judge's decision because Securaplane Technologies demonstrated by clear and convincing evidence that it would have terminated Leon's employment in the absence of his protected activity. *See* 49 U.S.C. § 42121(a)(1), (b)(2)(B) (setting forth the two-part analysis for an AIR21 claim and requiring that any complaint relate to a violation or alleged violation of federal air carrier safety law); *see also Retlaw Broad. Co. v. N.L.R.B.*, 53 F.3d 1002, 1006 (9th Cir. 1995) ("Credibility determinations by the ALJ are given great deference, and are upheld unless they are inherently incredible or patently unreasonable." (citation and internal quotation marks omitted)).

13-71450

We reject Leon's claims of alleged bias or corruption, and procedural and evidentiary errors.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

All pending motions and requests are denied.

**PETITION FOR REVIEW DENIED.**